IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 10-cr-30091-MJR |
| RAMI MOHAMMAD, | ) ) ) | |
| Defendant. | ) | |

## ORDER

REAGAN, District Judge:

On December 9, 2010, Defendant Rami Mohammad pleaded guilty to Counts 1 and 13 of the Superseding Indictment, respectively charging Mohammad with Food Stamp Fraud in violation of 7 U.S.C. § 2024, and Wire Fraud in violation of 18 U.S.C. § 1343. On June 16, 2011, Mohammad was sentenced to imprisonment for concurrent terms of 33 months on each count, a $1,000.00 fine, a 3 year term of supervised release, a special assessment of $200, and restitution in the amount of $1,590,409.13. Judgment was entered on June 17, 2011. On June 29, 2011, Rami Mohammad, proceeding pro se, filed the motion for leave to proceed *in forma pauperis* on appeal that is currently before the Court (Doc. 84).

As a preliminary matter, the Court observes that Defendant Mohammad has not filed a Notice of Appeal. The deadline for doing so expires tomorrow, July 1, 2011, so the Court will construe Mohammad's motion as including a Notice of Appeal.

It is well established that "an appeal from a District Court's judgment of conviction in a criminal case ... is, in effect, a matter of right." *Coppedge v. United States*, 369 U.S. 438, 441 (1962). In general, under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit a party in a civil or criminal action to proceed without prepaying the filing fee if two conditions are met: (1) the party is indigent and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1988); *see also Free v. United States*, 879 F.2d 1535 (7th Cir. 1989).

Under Federal Rule of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Additionally, the party must attach an affidavit to the motion that shows in detail "the party's inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A). Here, the affidavit accompanying Mohammad's motion contains the requisite information and reveals that Mohammad is clearly unable to prepay the fees and costs of his appeal. Moreover, the Court has extensive knowledge of Mohammad's financial condition from the sentencing phase of his criminal case. As such, the Court finds Defendant Rami Mohammad to be indigent within the meaning of 28 U.S.C. § 1915(a)(1).

The second condition noted above is that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A party is acting in bad faith, in the more common legal meaning of the term, when he appeals "on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v.*

*Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  Here, in light of its recent sentencing of Mohammad, the Court is familiar with his criminal case and believes that Mohammad's appeal is taken in good faith, even though the Plea Agreement contains an appeal waiver.  More specifically, it is arguable that the Court's restitution order does not fall within the scope of the appeal waiver.

In summary, the Court **CONSTRUES** Mohammad's motion as including a Notice of Appeal.  The Court further **FINDS** that Rami Mohammad is incapable of paying the appellate fees and thus, they should be waived.  Further, the Court **CERTIFIES** that Rami Mohammad's appeal is taken in good faith.  Accordingly, the Court **GRANTS** Mohammad's Motion for Leave to Proceed *In Forma Pauperis* on appeal (Doc. 84).

**IT IS SO ORDERED.**

**DATED: June 30, 2011**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**